the maintenance of the artificial playing surface.

 Appellants also assert that an adequate period for discovery had not lapsed so as to allow proper entry of summary judgment. This argument is not persuasive. The motions for summary judgment were filed more than one year after the filing of the initial petition in this matter. Still, appellants assert that written discovery had just begun when the motions were filed. Appellants were granted three extensions to file responses to respondents' summary judgment motions, yet filed their response out of time. Clearly, there was more than sufficient time for appellants to conduct adequate discovery in this case.

There is no genuine dispute as to whether appellants can establish the existence of a duty on behalf of Bannister to make repairs to maintain the premises in a reasonably safe condition. Appellants have not and can not establish such a duty. Therefore, the order of the trial court granting Bannister's motion for summary judgment was proper.

The order of the trial court granting the summary judgment motion of All American is reversed and the cause is remanded to the trial court for further proceedings with respect to All American. The order of the trial court granting summary judgment to Bannister is affirmed.

All concur.

Rose M. Wibbenmeyer, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David G. Brown, Asst. Atty. Gen., Jefferson City, for respondent.

Before BRECKENRIDGE, P.J., and ELLIS and LAURA DENVIR STITH, JJ.

### ORDER

PER CURIAM.

Dennis Saunders appeals the trial court's denial of his motion, pursuant to Rule 24.035, to vacate, set aside or correct the judgment and sentence. Mr. Saunders contends that his post-conviction counsel abandoned him by failing to file an amended Rule 24.035 motion and by failing to request an evidentiary hearing. He also alleges that the motion court erred by failing to make a record of his post-conviction counsel's compliance with Rule 24.035(e).

Counsel did not abandon his client by failing to file an amended motion under Rule 24.035. Counsel's Affidavit and Notice of Waiver of Amended Pleadings demonstrated his compliance with Rule 24.035, and no fur-

**Dennis Dean SAUNDERS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 50156.**

Missouri Court of Appeals,
Western District.

May 30, 1995.

ther record was required to be made by the motion court.

Judgment affirmed. Rule 84.16(b).

■

Timothy Ray ADAMS, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 49737.

Missouri Court of Appeals,
Western District.

May 30, 1995.

Rose M. Wibbenmeyer, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

Before HANNA, P.J., and BERREY and SPINDEN, JJ.

## ORDER

PER CURIAM.

Timothy Ray Adams appeals the circuit court's denial of his Rule 24.035 motion to vacate judgment and sentence following his guilty plea to charges of burglary in the second degree, stealing, assault in the first degree, and escape from confinement. We have reviewed Adams' claim that his attorney abandoned him and find it lacking merit. Because we discern no precedential value to publishing an opinion, we issue this summary order. Rule 84.16(b).

■

STATE of Missouri, Respondent,

v.

Steven E. PEARSON, Appellant.

Steven E. PEARSON, Appellant,

v.

STATE of Missouri, Respondent.

Nos. WD 47144, WD 49817.

Missouri Court of Appeals,
Western District.

May 30, 1995.

Patricia A. Richter, Asst. Appellate Defender, Kansas City, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before HANNA, P.J., and BERREY and SPINDEN, JJ.

## ORDER

PER CURIAM.

Steven Pearson raises eight points of error in challenging his convictions of robbery in the first degree and armed criminal action and in challenging the denial of his Rule 29.15 motion for postconviction relief. We do not find reversible error and affirm the judgments of conviction and denial of his Rule 29.15 motion. Because we do not discern any jurisprudential value in publishing an opinion, we issue this summary order. Rules 30.25(b) and 84.16(b).